Appeal is taken from an order of the Superior Court, Law Division, denying the appellant's application for a summary judgment and ordering that the complaint filed by appellant be dismissed.
The action was instituted to have certain advertising bids of respondent declared illegal and void as not being in conformity with R.S. 40:9-3. The statute provides as follows:
"In the preparation of plans and specifications for the erection, construction, alteration or repair of any public building by any political subdivision of this state, when the entire cost of the work will exceed one thousand dollars in amount, the architect, engineer or other person preparing the plans and specifications, shall prepare separate plans and specifications for the plumbing and gas fitting, and all kindred work, and the steam and hot water heating and ventilating apparatus, steam power plants and kindred work, and electrical work, structural steel and ornamental iron work.
"The board, body or person authorized by law to award contracts for the erection, construction, alteration or repair of any such public building, shall advertise for, in the manner provided by law, and receive separate bids for each of said branches of work, and award contracts therefor to the lowest responsible bidder for each of such branches respectively." *Page 176 
The appellant urges that in submitting plans and specifications for the construction of a new hospital building at the Bergen Pines County Hospital at Paramus, New Jersey, the Board of Freeholders of Bergen County failed to advertise for a combined bid for "structural steel and ornamental iron work" but advertised for a separate bid for "structural steel" when it should have advertised for a single bid for "structural steel and ornamental iron work," in accordance with R.S. 40:9-3, as they interpret it.
The affidavit of Frederick H. Voss, a member of the firm of architects who prepared the plans and specifications for the building in question, states that bids "have been asked for under Contract No. 4 for structural steel and under Contract No. 8 for miscellaneous iron." He further says "The drawings and specifications for this building do not call for ornamental iron work as such."
A single question is involved for our determination, namely: Does the statute require a combined bid for "structural steel and ornamental iron work," and does ornamental iron work include miscellaneous iron?
In the affidavit of Charles E. Krahmer, for appellant, it is stated: "Ornamental iron work for many years has been construed in the industry as synonymous with miscellaneous metal work." In the affidavit of Harry Katchen, for appellant, it is stated that the almost uniform construction of the statute and practice thereunder is to have combined bids for structural steel and miscellaneous metal work, which is taken to include ornamental iron work. Attached to his affidavit is a list of approximately 270 public buildings in New Jersey for which bids were received and contracts awarded on combined bids.
Prior to 1931, the statute in question did not include the language in question, but ended with "and electrical work." At that time it was changed by adding after "and electrical work, structural steel and ornamental iron work."
As was said in City Affairs, etc., Jersey City v. Dept. ofTaxation, 134 N.J.L. 198 (Sup. Ct. 1946): "Statutes should be interpreted according to the most natural and obvious *Page 177 
import of the language, without resorting to subtle or forced construction for the purpose either of limiting or extending their operation. * * * Dwarris on Statutes, 688 et seq."
Viewed in the light of the language used and of the long continued practical construction put upon it by the trade, it is evident that the import of the statute was to combine steel and iron in a single bid.
The judgment under review is accordingly reversed.